Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT

DEC 1 0 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ymelda T. Patrick,<br><br>              Plaintiff,<br><br>v.<br><br>Ronald J. Patrick, et al.,<br><br>              Defendants. | CASE NO. SACV 03-1741-JVS(MLGx)<br><br>ORDER RE RICO CASE STATEMENT |

In this action, claims have been asserted under the Racketeer Influenced and Corrupt Organizations provisions of the Organized Crime Control Act of 1970 ("RICO"), 18 U.S.C. § 1961 *et seq*. Accordingly,

ENTERED ON ICMS

DEC 1 1 2003

CV

IT IS HEREBY ORDERED as follows:

Plaintiff[1] shall file, within twenty (20) days hereof, a RICO case statement. The statement shall include the facts relied upon to initiate this RICO complaint as a result of the reasonable inquiry required by Rule 11 of the Federal Rules of Civil

---

[1] If the party asserting a RICO violation is not the plaintiff, such as a counterclaimant , this requirement applies to such party as well.

Procedure. It shall use the caption numbers and letters set forth below, and shall state in detail and with specificity the following information.

1. RICO Provision. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b) (c), and/or (d).

2. Defendants. List each RICO defendant and state the alleged misconduct and basis of liability of each defendant.

3. Other RICO Violators. List all alleged RICO violators, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. Victims. List the alleged victims and state how each victim was allegedly injured.

5. Pattern of Racketeering Activity. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated;

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

2

c.    If the RICO claim is based on the predicate offenses of mail fraud, wire fraud or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged failures to disclose and/or misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations and/or failures to disclose were made;

d.    State whether there has been a criminal conviction for violation of the predicate acts and if so, provide particulars;

e.    State whether civil litigation has resulted in a judgment with respect to the predicate acts and if so, provide particulars;

f.    Describe how the predicate acts are both "related" and "continuous" within the meaning of *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 239, 109 S.Ct. 2893, 2900 (1989) and its progeny, including *Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1527 (9th Cir. 1995).

6.    Enterprise. Describe in detail the alleged enterprise for each RICO claim and specify just what structure it had. A description of the enterprise shall include the following information:

a.    The names of the individuals, partnerships, corporations, associations or other legal entities that allegedly constitute the enterprise;

3

b.   The purpose, function and course of conduct of the enterprise, and whether its usual and daily activities were part of or separate from the pattern of racketeering activity. See *Chang v. Chen*, 80 F.3d 1293, 1298 (9th Cir. 1996.)

c.   Whether any named defendants are or were employees, officers or directors of the alleged enterprise;

d.   Whether you are alleging that the defendants are or were separate from the alleged enterprise, collectively constitute the enterprise itself, or are or were members of the enterprise; and

e.   Whether (and if so how) the enterprise was affected by or benefitted from the pattern of racketeering activity.

7.   <u>Interstate or Foreign Commerce</u>. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

8.   <u>Section 1962(a)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

a.   State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

b.   Describe the use or investment of such income.

9.   <u>Section 1962(b)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(b), describe in detail the acquisition or maintenance of any

4

interest in or control of the alleged enterprise.

10. <u>Section 1962(c)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and

    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

11. <u>Section 1962(d)</u>. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

12. <u>Injury to Business or Property</u>.

    a. Describe the alleged injury to business or property;

    b. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

13. <u>Damages</u>. List the damages sustained for which each defendant is allegedly liable.

14. <u>State Claims</u>. List all supplemental state claims, if any.

Dated:        December 10, 2003

_____
James V. Selna
United States District Judge